Joel E. Tasca
Nevada Bar No. 14124
Stacy H. Rubin
Nevada Bar No. 9298
BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135
Telephone:  702.471.7000
Facsimile:  702.471.7070
tasca@ballardspahr.com
rubins@ballardspahr.com

*Attorneys for Defendant*
*Smith-Palluck Associates Corp.,*
*d/b/a Las Vegas Athletic Clubs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GUILLERMINA BARRADAS,<br><br>Plaintiff,<br><br>v.<br><br>SMITH-PALLUCK ASSOCIATES CORP. d/b/a LAS VEGAS ATHLETIC CLUB,<br><br>Defendants. | CASE NO.: 2:19-cv-02036-RFB-DJA<br><br>STIPULATION TO STAY CASE PENDING THE<br>UNITED STATES SUPREME COURT'S RULING ON THE DEFINITION OF AN "ATDS" |

Plaintiff Guillermina Barradas ("Plaintiff") and Defendant Smith-Palluck Associates Corp., d/b/a Las Vegas Athletic Clubs ("LVAC") stipulate to, and respectfully request that this Court enter, a stay of this case pending the United States Supreme Court's forthcoming ruling in *Facebook, Inc. v. Duguid* ("*Duguid*") on the Telephone Consumer Protection Act's ("TCPA") definition of an "automatic telephone dialing system" ("ATDS").

In *Duguid*, Facebook, Inc., challenges the Ninth Circuit's definition of an ATDS. In contrast to the conclusions of the Third, Seventh, and Eleventh Circuits,[1]

---

[1] The Third, Seventh, and Eleventh Circuits hold that equipment must either (1) store telephone numbers to be called using a random or sequential number generator, or (2) produce telephone numbers to be called using a random or sequential number generator. *See Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 464, 469 (7th Cir. 2020); *Glasser v. Hilton Grand Vacations Co.*, 948 F.3d 1301, 1310 (11th Cir. 2020); *Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 119-21 (3d Cir. 2018).

the Ninth Circuit holds that equipment is an ATDS simply if it has the capacity to "store numbers to be called" and "to dial such numbers automatically." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1052-53 (9th Cir. 2018). Facebook, Inc., has requested—and the Supreme Court has now granted—certiorari on the following issue:

> Whether the definition of ATDS in the TCPA encompasses any device that can "store" and "automatically dial" telephone numbers, even if the device does not "us[e] a random or sequential number generator."

Pet'n for Writ of Certiorari, *Duguid*, No. 19-511 (Oct. 17, 2019); *see also Duguid*, 2020 U.S. LEXIS 3559, at *1. The Supreme Court is now poised to resolve the growing circuit split and determine the meaning of an ATDS in the October 2020 term.

This imminent ruling by the Supreme Court warrants a stay in this case.[2] Whether LVAC called Plaintiff using an ATDS is a central issue.[3] Here, a stay pending the *Duguid* decision will promote judicial economy, ensure efficient discovery and fairness, and avoid needless expense to the parties. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (recognizing the district court's discretion to stay cases).[4] Additionally, the requested stay has a finite period that is likely short, as the Supreme Court "usually issues its decision within three months of oral argument; only the very rare case bounces around the chambers for more than six months, and almost every decision is issued in the same term in which the case is argued." *The*

---

[2] Plaintiff reserves all rights in other cases.

[3] Plaintiff alleges that LVAC called her on her cell phone using an ATDS. *See* ECF No. 1, ¶¶ 28, 47, 52.

[4] *See also, e.g.*, *Earl v. Briad Rest. Grp., Ltd. Liab. Co.*, No. 2:16-cv-02217-GMN-PAL, 2017 U.S. Dist. LEXIS 125483, at *5 (D. Nev. Aug. 8, 2017) (staying case after the Supreme Court granted certiorari regarding an issue that "will directly impact" Plaintiff's claim); *Bank of Am., N.A. v. Desert Shores Cmty. Ass'n*, No. 2:17-cv-01696-APG-NJK, 2017 U.S. Dist. LEXIS 95408, at *3 (D. Nev. June 20, 2017) (granting a stay pending the Supreme Court's disposition of certiorari petition regarding an issue that "could be dispositive of this case, or at least of significant issues in the case"); *Alessi & Koenig, LLC v. Palo*, No. 2:15-cv-01946-GMN-VCF, 2016 U.S. Dist. LEXIS 98121, at *5 (D. Nev. July 26, 2016) (staying case after the Supreme Court granted certiorari regarding an issue that "will directly impact" the court's jurisdiction).

*Best for Last: The Timing of U.S. Supreme Court Decisions*, 64 Duke L.J. 991, 993 (Mar. 2015).

For these reasons, LVAC and Plaintiff stipulate and respectfully request that this Court stay this case until the United States Supreme Court rules on the Ninth Circuit's definition of an ATDS in *Duguid*.

DATED this 22nd day of July, 2020.

| KNEPPER & CLARK LLC | BALLARD SPAHR LLP |
|---|---|
| By: /s/ Miles N. Clark<br>    Matthew I. Knepper, Esq.<br>    Nevada Bar No. 12796<br>    Miles N. Clark, Esq.<br>    Nevada Bar No. 13848<br>    5510 So. Fort Apache Road<br>    Suite 30<br>    Las Vegas, NV 89148<br><br>    David H. Krieger, Esq.<br>    Nevada Bar No. 9086<br>    KRIEGER LAW GROUP, LLC<br>    2850 W. Horizon Ridge Pkwy<br>    Suite 200<br>    Henderson, Nevada 89052 | By: /s/ Joel E. Tasca<br>    Joel E. Tasca, Esq.<br>    Nevada Bar No. 14124<br>    Stacy H. Rubin, Esq.<br>    Nevada Bar No. 9298<br>    1980 Festival Plaza Drive, Suite 900<br>    Las Vegas, Nevada 89135<br><br>*Attorneys for Defendant Smith-Palluck Associates Corp., d/b/a Las Vegas Athletic Club* |

*Attorneys for Plaintiff Guillermina Barradas*

IT IS SO ORDERED:

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

DATED this 23rd day of July, 2020.

BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135
702.471.7000 FAX 702.471.7070